**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RAYMOND W. STEPHENS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-0140 (ABJ) |
| ) | |
| U.S. DEPARTMENT OF LABOR, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Raymond W. Stephens, Jr. filed suit against the United States Department of Labor (DOL), alleging that DOL acted in an arbitrary and capricious manner when it denied his petition to reopen his claim for benefits under Part E of the Energy Employees Occupational Illness Compensation Program Act of 2000, 42 U.S.C. §§ 7384 *et seq.* (EEOICPA).

Stephens initiated litigation against the DOL in 2008. Compl. ¶ 4; *Stephens v. U.S. Dep't of Labor*, 571 F. Supp. 2d 186, 186 (D.D.C. 2008), *aff'd*, 384 F. App'x 5 (D.C. Cir. 2010). In his first *pro se* complaint, Stephens asserted that the DOL wrongfully denied him benefits under the EEOICPA, a federal law that "provides benefits to individuals with illnesses caused by exposure to radiation and other toxic substances during the course of their work for the United States Department of Energy ('DOE') and some of DOE's contractors and subcontractors." *Stephens*, 571 F. Supp. 2d at 189. The district court found that the denial of benefits was not arbitrary and capricious, because the facility where Stephens was employed did not qualify as a "DOE facility" under the statute. *Id.* at 189, 195; 42 U.S.C. § 7384*l*(12). Since that ruling, Stephens has fought to uncover new evidence that would prove that the DOE had a "proprietary interest" in his former

employer, the Loral American Beryllium Company, which would qualify it as "DOE facility," and entitle him to benefits under Part E. *Id.* at 189; 42 U.S.C. § 7384*l*(12).

In March 2012, Stephens petitioned to reopen his claim before the DOL, and the agency denied his request. Compl. ¶ 6. After Stephens acquired further information through a Freedom of Information Act request, he submitted another petition to reopen his Part E claim in October 2014. Compl. ¶ 10. On December 2, 2014, DOL denied that petition as well, Compl. ¶ 12, and this lawsuit followed.

Since the agency's denial of Stephens's petition to reopen his claim does not constitute a reviewable agency action, and since the decision to reopen is committed to the agency's discretion, the Court will grant defendant's motion to dismiss.

## BACKGROUND

### I.  Statutory and Regulatory Background

The EEOICPA was enacted to compensate workers who suffer from illnesses related to their exposure to radioactive substances at government weapons-production facilities. 42 U.S.C. §§ 7384, 7384d(b). The statute provides benefits to employees of the Department of Energy as well as of certain of its contractors and subcontractors. 42 U.S.C. §§ 7384d(c), 7384*l*(7). As passed in 2000, the statute provided in Part B that covered employees would receive a $150,000 lump-sum payment, in addition to medical benefits. 42 U.S.C. § 7384s–t. President Clinton designated the DOL as the agency responsible for administering the compensation program. Exec. Order No. 13,179; 65 Fed. Reg. 77487 (Dec. 7, 2000).

The President's 2000 Executive Order directed DOL to "promulgate regulations for the administration of the Program." Exec. Order No. 13,179; 65 Fed. Reg. 77487 (Dec. 7, 2000). In 2002, DOL issued final regulations pursuant to the Executive Order. *See* 67 Fed. Reg. 78874-01

(Dec. 26, 2002). Those regulations provide that an employee may file a claim for benefits under the statute with the Office of Workers' Compensation Programs ("OWCP") of the DOL. 20 C.F.R §§ 30.100(a)–101(a). The OWCP issues a recommended decision on a claim and forwards it to the Final Adjudication Branch ("FAB"). 20 C.F.R. § 30.300. The claimant may object to OWCP's recommended decision, and may request a hearing before the FAB. *Id.* The FAB may then issue a final decision, which is subject to judicial review. 20 C.F.R. §§ 30.316, 30.319(d).

After the FAB issues its final decision, a claimant may file a request to reopen the claim, "provided that the claimant also submits new evidence of either covered employment or exposure to a toxic substance . . . ." 20 C.F.R. § 30.320(b). "If the Director [for Energy Employees Occupational Illness Compensation] concludes that the evidence submitted or matter identified in support of the claimant's request is material to the claim, the Director will reopen the claim . . . ." 20 C.F.R. § 30.320(b)(1). The regulations provide that the "decision whether or not to reopen a claim under this section is solely within the discretion of the Director for Energy Employees Occupational Illness Compensation and is not reviewable." 20 C.F.R. § 30.320(c).

The EEOICPA was amended in 2004 to add Part E, which provides additional coverage for certain DOE contractors for permanent impairment and/or wage loss due to a covered illness that resulted from work-related exposure to a toxic substance at a DOE facility. 42 U.S.C. § 7385s; *see* H.R. 4200, 118 Stat. 1811 (2004). Under Part E, a "person adversely affected or aggrieved by a final decision of the Secretary under this part may review that order in the United States district court . . . ." 42 U.S.C. 7385s–6a.

II.     Factual Background & Procedural History

As the court explained in plaintiff's 2008 action, "Stephens is a former employee of the Loral American Beryllium Company ('Loral American'), which manufactures beryllium products.

Stephens contends that he developed chronic beryllium disease, as well as heart and lung problems, due to his employment at Loral American." *Stephens*, 571 F. Supp. 2d at 189.

Stephens originally filed a claim under Part B of the EEOICPA in August 2004. Compl. ¶ 3. Two months later, the DOL awarded him the $150,000 statutory lump-sum compensation, along with medical benefits. *Id.* But Stephens's Part E claim proceeded along a different track: on November 9, 2006, the DOL issued a final decision denying that claim. *Id.* Stephens filed suit in federal district court; in 2008, the court upheld the agency's decision to deny the Part E claim; and the D.C. Circuit affirmed. *See Stephens*, 571 F. Supp. 2d at 186, *aff'd*, 384 F. App'x at 5.

In 2012, Stephens petitioned the DOL to reopen his claim. Compl. ¶ 6. The agency declined to reopen the case because it found insufficient evidence to show that the place where Stephens worked was a DOE "facility" under the EEOICPA, 42 U.S.C. § 7384*l*(12)(B)(ii). *Id.* Stephens gathered additional evidence, and, in October 2014, he submitted another petition to reopen his Part E claim. *Id.* ¶ 10. On December 2, 2014, DOL denied that petition as well. *Id.* ¶ 12.

Plaintiff filed this lawsuit on January 26, 2015. He asks the Court to enter an order vacating DOL's decision and finding that he is entitled to Part E compensation. Compl. ¶ 27. Defendant has moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), on the grounds that the denial of Stephens' petition was not a "final decision," and the decision to reopen is an "action committed by law to agency discretion." *See* Def.'s Mot to Dismiss Compl. ("Def.'s Mot.) [Dkt. # 10]; Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss ("Def.'s Mem.")

[Dkt. # 10] at 2; Reply to Opp. to Mot. to Dismiss ("Def.'s Reply") [Dkt. 13]. Plaintiff opposes the motion. Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl's. Resp.") [Dkt. # 12]. [1]

## STANDARD OF REVIEW

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in the plaintiff's favor, and the Court should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), citing *Richardson v. United States*, 193 F.3d 545,

---

[1] Defendant originally asserted that Stephens' claim was barred by res judicata. *See* Def.'s Mem. at 10. However, after Stephens clarified that he was not seeking to relitigate the 2008 denial, but rather the 2014 denial of his petition to reopen, Pl's Resp. at 6–7, defendants abandoned their res judicata argument. Def.'s Reply at 2 n.2.

548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## ANALYSIS

The Administrative Procedures Act (APA) provides for judicial review of all "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The APA applies "except to the extent that – (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." *Id.* § 701(a). If the court has jurisdiction to review a final agency action that is not committed to agency discretion by law, the Court considers whether the agency's findings were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A).

## I.    The decision not to reopen a claim is not final agency action.

Defendant has moved to dismiss on the grounds that the denial of plaintiff's petition to reopen his claim is not a reviewable final decision. Neither the D.C. Circuit nor any other federal appellate court has spoken on the issue of the finality of agency decisions on petitions to reopen under the EEOICPA, but the Court concludes that the denial of such a petition is not a reviewable final decision.

Plaintiff asserts that the two "claimant friendly" steps in the implementing regulations – the right to seek reconsideration and the right to seek to reopen a claim – are both reviewable, and he cites a District of Colorado case for the proposition that a request for reconsideration of the FAB Final Decision is a reviewable final agency action. Pl.'s Resp. at 2, citing *Barrie v. U.S. Dep't of Labor*, 805 F. Supp. 2d 1140 (D. Colo. 2011). But plaintiff misconstrues the *Barrie* opinion. The court in that case explained that DOL's regulations provide that a decision is "final" when the FAB issues its final decision; even where a claimant files a request for reconsideration

and that request is denied, for purposes of the statute of limitations on filing a claim, the decision is treated as "final" on the date of the FAB decision, not the date of the reconsideration denial. *Barrie*, 805 F. Supp. 2d at 1142, citing 20 C.F.R. § 30.319(c)(2). "Simply put," the court continued, "Mr. Barrie's request to reopen his claim is irrelevant to the finality of Defendant's denial of his wage-loss claim and his ability to seek judicial review; his belief to the contrary does not alter the statutory and regulatory framework." *Id.* So if anything, the *Barrie* decision is contrary to plaintiff's legal position here.

Another district court has agreed with this reading of *Barrie* and held that a ruling on a petition to reopen is not a final agency action. *Lanier v. U.S. Dep't of Labor*, No. 5:14-cv-168, 2015 WL 1638495, at *4 (W.D. Ky. Apr. 13, 2015). The court explained that "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose [of a statutory limitations period] . . . ." *Id.*, quoting *Califano v. Sanders*, 430 U.S. 99, 107–108 (1977).

In *Califano*, the Supreme Court held in the context of social security benefits that a petition to reopen is not reviewable. *Califano*, 430 U.S. at 107–108. It explained that where Congress imposes a statute of limitations to bring claims of the agency's "final decision on the initial claim for benefits," the Court's duty "is to respect that choice" and "limit judicial review to the original decision denying benefits." *Id.* at 108. Congress, the Court commented, made a "policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." *Id.*

The Court finds that the reasoning of *Califano* applies equally in this case. As in the Social Security context, an EEOICPA claimant must file suit within 60 days of a final agency decision. *See* 42 U.S.C. § 7385s–6(a). Plaintiff received a final agency decision in 2007, and he obtained full judicial review of that decision. *See Stephens*, 571 F. Supp. 2d at 186.

Because the Court finds that plaintiff cannot allege the existence of a final agency action for this Court to review, the complaint falls to state a plausible claim for relief under the APA.

## II. The decision whether to reopen a claim is committed to agency discretion and not subject to judicial review under the APA

Defendant also moved to dismiss on the grounds that a petition to reopen a claim under EEIOCPA is "committed to the agency's discretion," and therefore not subject to review. Def's Mem. at 12–14. The Court agrees and finds that even if the denial of plaintiff's petition to reopen was a final agency action, it was a discretionary decision that is not reviewable under the APA.

Where a decision is committed to agency discretion, "the courts have no legal norms pursuant to which to evaluate the challenged action, and thus no concrete limitations to impose on the agency's exercise of discretion." *Drake v. FAA*, 291 F.3d 59, 70 (D.C. Cir. 2002), citing *Heckler v. Chaney*, 470 U.S. 821, 830 (1985). In other situations, courts can look to statutes for these legal norms, or, "judicially manageable standards may be found in formal and informal policy statements as well . . . ." *Secretary of Labor v. Twentymile Coal Co.*, 456 F.3d 151, 158–59 (D.C. Cir. 2006), quoting *Steenholdt v. FAA*, 314 F.3d 633, 638 (D.C. Cir. 2003). But the implementing regulations for Part E do not contain any "judicially manageable standards." Rather, they specifically provide that "[t]he decision whether or not to reopen a claim under this section is solely within the discretion of the Director for Energy Employees Occupational Illness Compensation and is not reviewable." 20 C.F.R. § 30.320.

Plaintiff points out that in the immigration context, motions to reopen removal proceedings are subject to judicial review. Pl.'s Opp. at 2–3, citing *Kucana v. Holder*, 558 U.S. 233 (2010). But the immigration statute is not analogous to the EEOICPA: that statute, unlike the EEOICPA, contains a statutory right to reopen claims. 8 U.S.C. § 1229a(c)(7) (allowing, with certain exceptions, one motion to reopen within 90 days of entry of a final administrative order of

8

removal). And the Supreme Court has explained that the right to reopen a claim is an "intrinsic" part of the legislative scheme." *Costello v. INS*, 376 U.S. 120, 127–28 (1964).

There is no evidence that the right to reopen in the EEOICPA context is an "intrinsic" part of the compensation program. By contrast, the claimant's right to request to reopen his claim is not found in a statute; it is found in the regulations. Those regulations expressly provide that the decision of whether or not to reopen a claim is committed to the Director's sole discretion, and they contain no standards that could inform this Court's review.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) is granted.

A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: November 23, 2015